PESQUERA v. DÍAZ.

APELACIÓN procedente de la Corte de Distrito de

San Juan.

No. 44.   Resuelto en Febrero 25, 1905.

DESAHUCIO.—TENEDOR EN CONCEPTO DE DUEÑO.—La acción de desahucio no pro-
cede contra el tenedor de un inmueble, que lo posea con entera independencia
del demandante, y que de *buena fé* alegare tener derecho al dominio del mismo.

Los hechos están expresados en la Opinión.

Abogado del apelante: *Sr. Freyre Barbosa.*

Abogado del apelado: *Sr. Castro* (Cruz).

EL JUEZ ASOCIADO SR. MACLEARY, emitió la Opinión del Tribunal.

Esta demanda fué entablada en 8 de Enero de 1904, en la Corte de Distrito de San Juan, por José de Jesús Pesquera y Goenaga, contra Guillermina Díaz, para desahuciarla de la posesión de un terreno situado en la Municipalidad de Bayamón, fundándose en que lo ocupaba en precario. Después del debido aplazamiento y la contestación de las partes, y los procedimientos necesarios de costumbre, la Corte de Distrito de San Juan dictó sentencia despojando la demandada del predio de terreno descrito en la citada demanda, y condenándola al pago de todas las costas del procedimiento. Contra dicha sentencia, en 25 de Mayo de 1904, interpuso la demandada recurso de apelación para ante este Tribunal. No es necesario revisar todas las cuestiones presentadas, discutidas y resueltas en la corte inferior, puesto que existe un error fundamental que exige se revoque la sentencia y que se desestime la demanda del actor. Esta demanda se presentó contra Guillermina Díaz, alegando que posee el terreno en precario. Dicha demanda se funda en el tercer párrafo del artículo 1563 del antiguo Código de Enjuiciamiento Civil, que á la letra dice:

Art. 1563.—Procederá el desahucio y podrá dirigirse la demanda: 1. Contra los inquilinos, colonos y demás arrendatarios. 2. Contra los administradores, encargados, porteros ó guardas, puestos por el propietario en sus fincas. 3. Contra cualquiera otra persona que disfrute ó tenga en precario la finca, sea rústica, ó urbana, sin pagar merced, siempre que fuere requerida con un mes de anticipación para que la desocupe."

La prueba demuestra que nunca había sido, en ningún tiempo, arrendataria del demandante, ni de nadie, en posesión de este terreno en precario ó de otro modo. Ella ocu-

pa y ha ocupado durante más de nueve años, la casa y el solar, pretendiendo ser dueña de la misma. Ella presenta como prueba de que es dueña varios recibos, los que aunque son muy informales, indican claramente el carácter de su reclamación y de su posesión.—Por supuesto, ella nunca ha pagado alquiler al demandante, ni á ninguna otra persona, pues no reconoce el derecho de nadie á cobrárselo, ni confiesa tampoco que es arrendataria.—La demandada también presentó como prueba varios recibos de contribución, demostrando que había pagado la misma en diferentes ocasiones, de dos casas en Maturí, habiendo de presumirse que dichas casas son las mismas de que se trata en este pleito.—El sexto resultando de la sentencia de la Corte inferior dice lo siguiente:

6o.—Resultando:—una de las pruebas de la demanda, una certificación del Registrador de la Propiedad del expediente posesorio instado por el Vicario General de la Diócesis del terreno denominado "Maturí" y deseando acreditar la posesión á favor de la "Mitra, lo promuevo, constando la tramitación y el auto aprobatorio ordenando la inscripción en el Registro á favor de la Mitra sin perjuicio de tercero de mejor derecho, declarando en el acto del juicio los testigos Llovio y Loubriel, exponiendo firmaron los recibos por no saber el vendedor, dice el primero y el otro á ruego de Quiros á nombre de su esposa, alegando éste que las casas eran de ella; otros testigos declaran ocupan ó tienen una casita cada uno en Maturí, nunca han pagado nada por el solar, nadie los ha requerido de pago, expresando uno hace treinta años, otro veinte y ocho y otro veinte y pico, otro que su padre poseyó en Maturí por más de treinta años una casa, que nunca pagó nada por el solar en que estaba enclavada y la que vendió á la demandada."

Sea cual fuere, lo que demuestra, además, este resultando, aparece del mismo que la demandada, Guillermina Díaz, nunca ocupó las casas como arrendataria en precario, sino bajo pretensión de derecho, y las pruebas presentadas sostienen el resultando en este sentido.—Ciertamente el Art. 1563 que determina quienes pueden ser de-

mandados en casos de desahucio no tuvo por objeto incluir en sus disposiciones reclamantes de bienes que poseyeran los mismos, como sucede en el caso de esta demanda, independientemente del demandante y en virtud de una bona fide reclamación de dominio. También aparece de las pruebas que la posesión de la demandada, unida con la de la persona, Carmelo Barbosa, de quien obtuvo su título, se contaba desde veintiocho á treinta años antes de la fecha del juicio celebrado en la Corte de Distrito, y que ella no había pagado alquiler á nadie durante ese tiempo, y es de presumirse no había sido molestada en su posesión. Tomando en consideración todos los hechos y circunstancias del caso, y aplicando la ley según dispone el artículo 1563 del antiguo Código de Enjuiciamiento Civil, nos parece claro que no puede dirigirse el desahucio contra la demandada, y que la sentencia de la corte inferior fué errónea. Por lo tanto dicha sentencia debe ser revocada y desestimada la petición del demandante con las costas, tanto en esta Corte, como en la corte inferior, á dicho demandante.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente, Quiñones, y Asociados Hernández, Figueras y Wolf.